FILED
JAMES BONINI
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

10 FEB 12 PM 3:11

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

PAUL C. RANDOLPH, INDIVIDUALLY,
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF ALICE RANDOLPH,
DECEASED,
Route 1 Box 639A
Point Pleasant, WV 25550

    Plaintiffs,

v.

HOLZER MEDICAL CENTER

    Serve:
    Holzer Hospital Foundation
    100 Jackson Pike
    Gallipolis, OH 45631

    Serve:
    Ross Matlack
    500 Burlington Road
    Jackson, OH 45640

and

HOLZER CLINIC, INC.
90 Jackson Pike
Gallipolis, OH 45631
    Serve:
    David M. Selcer
    65 E. State Street
    Columbus, OH 43215

and

HOLZER CONSOLIDATED HEALTH
SYSTEMS
    Serve:
    Thomas E. Tope
    100 Jackson Pike
    Gallipolis, OH 45631

JUDGE:

2:10 cv 126

JUDGE MARBLEY

MAGISTRATE JUDGE KEMP

CASE NUMBER:

(Prior Case no. 2:08 CV 233)

and

HOLZER FOUNDATION
    Serve:
    Warren F. Sheets
    19 Locust St.
    Gallipolis, OH  45631

and

ADEREMI B. ALLI, M.D.,
    Serve:
    Aderemi B Alli, M.D.
    c/o Holzer Clinic
    90 Jackson Pike
    Gallipolis, OH  45631

and

DR. RAJENDRA SAAJAN
    Serve:
    Dr. Rajendra Saajan
    Holzer Clinic
    90 Jackson Pike
    Gallipolis, OH  45631

and

ALICE A. DACHOWSKI, M.D.,
    Serve:
    Alice A. Dachowski, M.D.,
    Holzer Clinic
    90 Jackson Pike
    Gallipolis, OH  45631

## COMPLAINT (REFILED) AND JURY DEMAND OF PLAINTIFF PAUL RANDOLPH INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALICE RANDOLPH, DECEASED

Plaintiff Paul Randolph, individually and in his representative capacity, for his refiled Complaint for wrongful death against defendant's states:

## PARTIES

1. Paul C. Randolph is the personal representative of the estate of Alice Randolph, deceased, his wife. Alice Randolph was admitted to Holzer Medical Center for treatment on or about April 13, 2007. Plaintiff brings this action both individually and pursuant to O.R.C. 2125.01, *et.seq.* on his own behalf and on behalf of all others entitled to recover damages thereunder for all damages available pursuant to law. Plaintiff's decedent, as a result of inadequate medical care from defendants which deviated from the standard of care expected of such medical providers, ultimately resulted in her death on April 19, 2007. Plaintiff's decedent endured pain and suffering and died as a direct and proximate result of the negligent care provided by Defendants.

2. Pauletta King and Stella Krebs are adult children of Paul and Alice Randolph and have sustained damages including loss of services, society, love, companionship and consortium as a result of the Defendants' negligence.

3. Holzer Medical Center, Holzer Clinic, Inc., Holzer Consolidated Health Systems and Holzer Foundation (hereinafter jointly and collectively referred to as "Holzer") are medical organizations which hold themselves out as qualified to treat patients such as plaintiff's decedent. Holzer was at all times relevant responsible for the negligent care provided by the Defendants to plaintiff's decedent and was the employer, or is otherwise legally responsible for the negligent conduct of the physicians, nurses and medical providers who attended plaintiff's decedent prior to her death.

4. Dr. Aderemi B. Alli is a medical doctor employed by and/or an agent of Holzer and served as plaintiff's decedent's attending physician during her admission to Holzer. Dr. Alli provided inadequate medical care to plaintiff's decedent by, in part, failing to properly monitor, assess and treat her while she was a patient at Holzer.

5. Dr.Rajendra Saajan is a medical doctor employed by and/or an agent of Holzer and served as plaintiff's decedent's attending physician during her admission to Holzer. Dr. Saajan provided inadequate medical care to plaintiff's decedent by, in part, failing to properly monitor, assess and treat her while she was a patient at Holzer.

6. Dr. Alice A. Dachowski is a medical doctor employed by and/or an agent of Holzer and served as a consulting physician during plaintiff's decedent's inpatient stay at Holzer.

7. John Doe #1 is a physician whose identity plaintiff has been unable to ascertain despite reasonable investigation who provided negligent medical care and services to plaintiff's decedent.

8. John Doe #2 is a physician whose identity plaintiff has been unable to ascertain despite reasonable investigation who provided negligent medical care and services to plaintiff's decedent.

9. Nurse Doe#1 is a nurse employed by and/or an agent of Holzer whose identity plaintiff has been unable to ascertain despite reasonable investigation, who provided negligent medical care and services to plaintiff's decedent

10. Nurse Doe #2 is a nurse employed by and/or an agent of Holzer whose identity plaintiff has been unable to ascertain despite reasonable investigation, who provided negligent medical care and services to plaintiff's decedent.

## JURISDICTION

11. This court has subject matter jurisdiction over this action for medical malpractice pursuant to 28 U.S.C. 1332. Plaintiff is a citizen of the state of West Virginia and the defendants are professional entities, corporations, physicians and/or nurses having their principal places of business in the state of Ohio.

12. This court has personal jurisdiction over the defendants as they are medical care entities, corporations, physicians and/or nurses whose negligent acts caused damages to plaintiff and pain and suffering resulting in death to plaintiff's decedent while she was a patient at Holzer located in Gallipolis, Ohio, within this district and division, and the amount in controversy exceeds the jurisdictional amount of $75,000.

## COUNT ONE-MEDICAL NEGLIGENCE

13. Plaintiff incorporates by reference each and every allegation set forth above as if fully rewritten herein.

14. Alice Randolph, plaintiff's decedent, was admitted to Holzer for treatment of a condition diagnosed as acute bronchitis on or about April 13, 2007.

15. At the time of her admission plaintiff's decedent was taking an anticoagulant medication. Throughout her admission and treatment at Holzer each and every one of the defendants negligently failed to diagnose, assess and treat an obvious

hematoma which she developed and which allowed plaintiff's decedent to bleed internally until she suffered a cardiac arrest and ultimately died.

16. The medical and nursing care which plaintiff's decedent received while at Holzer fell below the standard of care required of physicians, nurses and other healthcare providers, which constitutes negligence and medical malpractice.

17. As a direct and proximate result of the negligence of the defendant's, plaintiff's decedent, Alice Randolph, suffered emotional distress and a painful death which would not have occurred had she been provided reasonable appropriate treatment which comported with the standard of care from each of the defendants.

18. The negligence of the defendants has directly and proximately resulted in damages to plaintiff including mental anguish, medical expense and funeral expense.

## COUNT TWO-WRONGFUL DEATH

19. Plaintiff incorporates for his second count each and every allegation set forth hereinabove as if fully rewritten.

20. As a direct and proximate result of the negligence of the defendants, as set forth above, and jointly and separately, plaintiff individually and his representative capacity has suffered loss of consortium, loss of his wife's services, society, companionship, love, attention, care, and guidance, loss of household services and affection, emotional distress and mental anguish and anxiety and will continue to suffer such damages throughout the foreseeable future, all to the permanent damage of weight if individually and to the children of plaintiff's decedent as enumerated in paragraph 2.

**WHEREFORE,** plaintiff prays for judgment in his individual capacity and in his representative capacity on behalf of the next of kin of plaintiff's decedent against the defendants jointly and severally in amount in excess of $75,000 plus his costs, interest, and all other relief to which plaintiff may be entitled.

*/s/ Thomas D. Hunter*

Thomas D. Hunter (0014580)
536 S. High St.
Columbus, OH 43215
(614) 224-0843
(614) 228-7122 (fax)
thunter@tdunterlaw.com

*Counsel for Plaintiff*

## AFFIDAVIT OF MERIT

Comes Now Affiant, Aaron H. Chevinsky, M.D., and being first duly cautioned and sworn deposes and states as follows:

1. I have reviewed the medical records available concerning the allegations set forth in the Complaint, as well as the Complaint itself;

2. Attached to this Affidavit is a copy of my curriculum vitae which sets forth my qualifications as a medical expert;

3. I am familiar with the applicable standard of care for the medical providers involved in Mrs. Randolph's care;

4. In my opinion, the standard of care was breached by one or more of the Defendants to this action and this breach of the standard of care was the cause of Mrs. Randolph's death.

Further Affiant sayeth naught.

_____
Aaron H. Chevinsky, M.D.

Sworn to before me and acknowledged in my presence this 5th day of March, 2008.

_____
Notary Public

Margaret C. O'Grady
Notary Public
State of New Jersey
My Commission Expires March 10, 2013

3