```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Paul C. Randolph,              :

    Plaintiff,             :

    v.                     :     Case No. 2:10-cv-126

Holzer Medical Center, et al., :     JUDGE MARBLEY

    Defendants.            :

## ORDER

This medical malpractice/wrongful death case was filed by plaintiff Paul C. Randolph as representative of his wife's estate. The complaint alleges that Mr. Randolph's wife died on April 19, 2007, as a result of substandard care rendered to her by physicians employed by the Holzer Medical Center, which is located in Gallipolis, Ohio. One of the individually-named defendants is Dr. Alice A. Dachowski, who is identified in the complaint as "a medical doctor employed by and/or an agent of Holzer" and who "served as a consulting physician during plaintiff's decedent's inpatient stay at Holzer." Complaint, ¶7.

On April 6, 2010, Dr. Dachowski filed a motion to dismiss the claims against her for lack of jurisdiction. In her motion, Dr. Dachowski asserts that she is immune from liability because she was acting as a volunteer faculty member of the University of Cincinnati at the time she rendered services to Ms. Randolph. She attached to her motion a copy of a letter from the University of Cincinnati College of Medicine which appoints a Dr. Alice A. Gricoski of Gallipolis, Ohio, to the position of Volunteer Assistant Professor with the University of Cincinnati Department of Surgery for a period running from September 1, 2005 through August 31, 2008. Although the letter itself is not authenticated

in any way, nor is there any direct evidence that Dr. Dachowski was formerly known as Dr. Gricoski, plaintiff has not opposed the motion nor objected to the Court's consideration of the evidence submitted to support it. Therefore, the Court deems any objections to the form of the evidence to have been waived.

Assuming, in conformance with Dr. Dachowski's motion, that she was acting in her capacity as a volunteer professor of medicine at the University of Cincinnati when she was consulted about Ms. Randolph's case, her motion to dismiss is well-taken. Ohio courts have held that even volunteers can be deemed state employees for purposes of the immunity from suit which is granted under Ohio Rev. Code §9.86, depending upon the relationship between their work for a state employer and their work for a private employer. See Theobald v. University of Cincinnati, 160 Ohio App. 3d 342, 352-53 (Franklin Co. 2005). Section 9.86, with certain exceptions not relevant here, provides that "no officer or employee [of the State of Ohio} shall be liable in any civil action ... for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment," or unless the employee "acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Further, the determination of whether this statutory immunity applies is to be made exclusively by the Ohio Court of Claims. See Ohio Rev. Code §2743.02(F). As Dr. Dachowski's motion points out, that grant of exclusive jurisdiction has been routinely enforced in cases filed in federal court against employees of the State of Ohio arising under state law. See Haynes v. Marshall, 887 F.2d 700, 705 (6th Cir. 1989) ("Ohio law requires that ... the Court of Claims must first determine that the employee is not entitled to ... immunity .... Prior to that condition being satisfied, then, there is no claim under Ohio law upon which relief can be granted against

Ohio employees in their individual capacities"); see also Alexander v. Ohio State University College of Social Work, 2008 WL 4823081, *5 (S.D. Ohio November 3, 2008) (Smith, J.).

Given the fact that Dr. Dachowski's motion presents at least *prima facie* evidence that she was an employee of the State of Ohio and was acting in that capacity when she was consulted on Ms. Randolph's case, given her assertion of immunity under Ohio Rev. Code §9.86, and given the unopposed nature of her motion to dismiss, that motion (#5) is GRANTED. All claims against defendant Dr. Alice A. Dachowski are DISMISSED WITHOUT PREJUDICE, subject to their reassertion should the Ohio Court of Claims ever determine that she is not entitled to the immunity provided under Ohio Rev. Code §9.86.

IT IS SO ORDERED.

                                                s/Algenon L. Marbley
                                                ALGENON L. MARBLEY
                                                United States District Court Judge

DATED: June 11, 2010